FILED
United States Court of Appeals
Tenth Circuit

February 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACK AARON LOGSDON,

      Petitioner–Appellant,

v.

KAMERON HARVANEK, Warden, John
Lilley Correctional Center,

      Respondent–Appellee.

No. 12-6232
(D.C. No. 5:11-CV-01471-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

      Jack Logsdon, an Oklahoma prisoner, seeks a certificate of appealability ("COA")

to appeal the district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and

dismiss the appeal.

**I**

      Logsdon was convicted in Oklahoma state court of sixteen counts of fraudulent

sales of securities, forgery, obtaining money by false pretenses, and racketeering. On

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") vacated Logsdon's

restitution order and reduced his sentence for the racketeering conviction, but affirmed in

all other respects. After unsuccessfully seeking state post-conviction relief, Logsdon

filed a § 2254 petition in federal court raising several claims. A magistrate judge

recommended that the petition be denied. Over Logsdon's objections, the district court

adopted the report and recommendation in full and denied a COA. Logsdon now seeks a

COA from this court.

**II**

A petitioner may not appeal the denial of habeas relief under § 2254 without a

COA. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial

showing of the denial of a constitutional right." § 2253(c)(2). To meet this standard,

Logsdon must demonstrate "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." Slack v.

McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). To prevail on the merits,

Logsdon must show that the OCCA's decision was "contrary to, or involved an

unreasonable application of, clearly established Federal law" or "was based on an

unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1),

(2).

Logsdon argues that the evidence presented at his trial was insufficient to support

- 2 -

a conviction for racketeering because the state failed to prove the existence of an enterprise, and that his crimes involved only "garden variety fraud" falling outside the ambit of the racketeering statute. In assessing a claim of insufficient evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Because the OCCA applied this standard in rejecting Logsdon's claim on the merits, we need only determine whether its application of Jackson was reasonable. See Brown v. Sirmons, 515 F.3d 1072, 1089 (10th Cir. 2008).

Under the Oklahoma racketeering statute, "[n]o person employed by or associated with any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of racketeering activity or the collection of an unlawful debt." Okla. Stat. tit. 22, § 1403(A). An "enterprise" is defined to include any individual or group of persons "involved in any lawful or unlawful project or undertaking." Okla. Stat. tit. 22, § 1402(2). In Glenn v. State, 26 P.3d 768 (Okla. Crim. App. 2001), the OCCA held that the state racketeering act was not intended to apply to "garden-variety crimes" that have "no larger effect on society beyond that of the normal criminal offense" and do not "affect legitimate businesses or state government." Id. at 771, 772.[1]

---

[1] In conducting our analysis, we are bound by state-court interpretation of the criminal law at issue. See House v. Hatch, 527 F.3d 1010, 1028 (10th Cir. 2008).

Logsdon relies heavily on Glenn in arguing that his crimes did not involve an enterprise, but ordinary fraud that is not subject to racketeering charges. However, in Miskovsky v. State, 31 P.3d 1054 (Okla. Crim. App. 2001), issued several months after Glenn, the OCCA held that an attorney who "operated a legitimate business at least in part to further his criminal goals" was properly convicted of racketeering. Id. at 1059. The court distinguished Glenn as a case involving "two men who engaged in a short-term series of local cattle thefts," id., and explained that an individual "who conducts a corporation's affairs through illegal acts is a person unlawfully conducting an enterprise," id. at 1063. The OCCA cited Miskovsky in denying Logsdon's insufficient evidence claim on direct appeal.

We agree with the district court that Miskovsky dooms Logsdon's insufficient evidence claim. As in that case, the evidence presented at Logsdon's trial shows that he used a number of legitimate businesses, including several travel agencies, to facilitate his fraudulent schemes. Under Miskovsky, the use of a legitimate business in this manner constitutes an enterprise and removes a defendant's crimes from the garden-variety category. See id. at 1059, 1063.

Logsdon also argues that the Glenn and Miskovsky opinions interpret the racketeering statute so inconsistently as to violate the Due Process Clause. "[A] deprivation of the right of fair warning can result not only from vague statutory language but also from an unforeseeable and retroactive judicial expansion of narrow and precise

- 4 -

statutory language." <u>Bouie v. City of Columbia</u>, 378 U.S. 347, 352 (1964). However, the OCCA meaningfully distinguished the circumstances present in <u>Glenn</u> and <u>Miskovsky</u> and reasonably applied that distinction to the facts at hand. Logsdon has not shown that the OCCA's interpretation of the racketeering statute "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." <u>Id.</u> at 351 (quotation omitted). Accordingly, his due process claim fails.

## III

Because we conclude that the district court's denial of Logsdon's § 2254 petition is not reasonably debatable, his application for a COA is **DENIED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge